THOMAS B. HARVEY (CA Bar #287198)
**LAW OFFICES OF THOMAS B. HARVEY**
365 E. Avenida De Los Arboles, #226
Thousand Oaks, CA 91360
Telephone: (805) 768-4440
tbhlegal@proton.me

PAUL K. VICKREY (*Pro Hac Vice*)
PATRICK F. SOLON (*Pro Hac Vice*)
DYLAN M. BROWN (*Pro Hac Vice*)
**VITALE, VICKREY, NIRO, SOLON & GASEY LLP**
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
(312) 236-0733
vickrey@vvnlaw.com
solon@vvnlaw.com
dbrown@vvnlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ANURADHA MITTAL,

Plaintiff,

v.

UNILEVER PLC, THE MAGNUM ICE CREAM COMPANY N.V., and JOCHANAN SENF,

Defendants.

Case No. 26-cv-02660-WHO

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE UNDER FEDERAL RULE OF EVIDENCE 201 IN SUPPORT OF THEIR OPPOSITIONS TO DEFENDANTS' MOTION TO TRANSFER VENUE (28 U.S.C. § 1404) AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Judge: Hon. William H. Orrick
Hearing Date: October 7, 2026
Hearing Time: 2:00 p.m.
Courtroom: 2

**TABLE OF CONTENTS**


**I. LEGAL STANDARD ........ 2**

**II. THE COURT SHOULD CONSIDER THE EXHIBITS ........ 3**

**III. CONCLUSION ........ 4**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ben & Jerry's Homemade, Inc. v. Unilever PLC*,
2026 U.S. Dist. LEXIS 188978 (S.D.N.Y. Aug. 21, 2026) .......... 1, 3

*In re Cal. Bail Bond Antitrust Litig.*,
511 F. Supp. 3d 1031 (N.D. Cal. 2021) .......... 2

*Diaz v. Intuit, Inc.*,
No. 5:15-cv-01778-EJD, 2018 U.S. Dist. LEXIS 82009 (N.D. Cal. May 15, 2018) .......... 3

*Flaa v. Hollywood Foreign Press Ass'n*,
2020 U.S. Dist. LEXIS 248478 (C.D. Cal. Nov. 20, 2020) .......... 3

*G.B. v. United States EPA*,
172 F.4th 1042 (9th Cir. 2026) .......... 3

*Interstate Nat. Gas Co. v. S. Cal. Gas Co.*,
209 F.2d 380 (9th Cir. 1953) .......... 2

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......... 2

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741 (9th Cir. 2006) .......... 2, 3

*Rollins v. Dignity Health*,
338 F. Supp. 3d 1025 (N.D. Cal. 2018) .......... 3

*Shinde v. Nithyananda Found.*,
No. EDCV 13-0363 .......... 3

*Spitzer v. Aljoe*,
No. 13-cv-05442-MEJ, 2016 U.S. Dist. LEXIS 78091 (N.D. Cal. June 15, 2016) .......... 3

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .......... 2

*Wynn v. Chanos*,
75 F. Supp. 3d 1228 (N.D. Cal. 2014) .......... 3

**Other Authorities**

Fed. R. Evid. 201(b) .......... 2

Fed. R. Evid. 201(c)(2) .......... 2

Fed. R. Evid. 201(d)....................2
Federal Rule of Evidence 201....................1, 2

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that Plaintiff Ms. Mittal requests that this Court, in ruling on Defendants Motion to Transfer the action to the United States District Court, Southern District of New York, and Motion to Dismiss for Lack of Personal Jurisdiction, take judicial notice of the following documents attached to the declaration of Paul K. Vickrey ("Vickrey Declaration"), which are subject to judicial notice pursuant to Federal Rule of Evidence 201:

- **Exhibit 1** to the Vickrey Declaration: a true and correct copy of the August 21, 2026 decision in *Ben & Jerry's Homemade, Inc. v. Unilever PLC*, 2026 U.S. Dist. LEXIS 188978 (S.D.N.Y. Aug. 21, 2026).
- **Exhibit 2** to the Vickrey Declaration: a true and correct copy of the Amended Civic Case Management Plan and Scheduling Order in *Class I Directors of Ben & Jerry's Independent Board v. The Magnum Ice Cream Company N.V. and Ben & Jerry's Holdco, LLC*, entered by Hon. Gary Stein, United States Magistrate Judge, on September 1, 2026.
- **Exhibit 3** to the Vickrey Declaration: a true and correct copy of the relevant pages from The Tides Foundation's 2011 Form 990 tax return filed with the Internal Revenue Service.
- **Exhibit 4** to the Vickrey Declaration: a true and correct copy of the relevant pages from The Tides Foundation's 2018 Form 990 tax return filed with the Internal Revenue Service.
- **Exhibit 5** to the Vickrey Declaration: a true and correct copy of the relevant pages from The Tides Foundation's 2019 Form 990 tax return filed with the Internal Revenue Service.
- **Exhibit 6** to the Vickrey Declaration: a true and correct copy of the relevant pages from The Tides Foundation's 2020 Form 990 tax return filed with the Internal Revenue Service.
- **Exhibit 7** to the Vickrey Declaration: a true and correct copy of the relevant pages from The Tides Foundation's 2021 Form 990 tax return filed with the Internal Revenue Service.

- **Exhibit 8** to the Vickrey Declaration: a true and correct copy of the relevant pages from The Tides Foundation's 2022 Form 990 tax return filed with the Internal Revenue Service.
- **Exhibit 9** to the Vickrey Declaration: a true and correct copy of the relevant pages from The Tides Foundation's 2023 Form 990 tax return filed with the Internal Revenue Service.
- **Exhibit 10** to the Vickrey Declaration: a true and correct copy of the relevant pages from The Tides Foundation's 2024 Form 990 tax return filed with the Internal Revenue Service.

## I. <u>LEGAL STANDARD</u>

Fed. R. Evid. 201 authorizes the Court to take judicial notice of any fact that is "not subject to reasonable dispute." Fed. R. Evid. 201(b); *accord Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id*. The Court may take judicial notice "at any stage of the proceeding." Fed. R. Evid. 201(d), and may "consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" without converting them into motions for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A Court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). "If a fact is not subject to reasonable dispute, the court 'must take judicial notice if a party requests it and the court is supplied with the necessary information.'" *In re Cal. Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1039 (N.D. Cal. 2021); Fed. R. Evid. 201(c)(2).

The Ninth Circuit has long recognized that courts may notice "records and reports of administrative bodies." *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953). "This includes public records and government documents available from reliable sources on the Internet." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018). "[Publicly

accessible websites and news articles are proper subjects of judicial notice." *Diaz v. Intuit, Inc.*, No. 5:15-cv-01778-EJD, 2018 U.S. Dist. LEXIS 82009, at *11 (N.D. Cal. May 15, 2018). Financial information "such as a Form 8-K or Form 10-K are matters of public record and may be subject to judicial notice." *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1235 (N.D. Cal. 2014). Agency documents and their contents are proper subjects of judicial notice. *G.B. v. United States EPA*, 172 F.4th 1042, 1051 n.1-2 (9th Cir. 2026).

Publicly available IRS records are also proper subjects of judicial notice. See *Shinde v. Nithyananda Found.*, No. EDCV 13-0363 JGB (SPx), 2013 U.S. Dist. LEXIS 70002, at *13-14 (C.D. Cal. May 10, 2013) (taking judicial notice of IRS documents); *accord Flaa v. Hollywood Foreign Press Ass'n*, 2020 U.S. Dist. LEXIS 248478, at *6-7 (C.D. Cal. Nov. 20, 2020) (taking judicial notice of publicly available Form 990s).

Court filings from other proceedings, such as "pleadings, memoranda, expert reports, etc." are also proper subjects of judicial notice. *Reyn's Pasta Bella*, 442 F.3d at 746 n.6; see also *Spitzer v. Aljoe*, No. 13-cv-05442-MEJ, 2016 U.S. Dist. LEXIS 78091, at *2-3 (N.D. Cal. June 15, 2016) ("Documents in the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another case, but a court may not take judicial notice of findings of facts from another case.").

## II. <u>THE COURT SHOULD CONSIDER THE EXHIBITS</u>

Exhibit 1 to the Vickrey Declaration is the August 21, 2026 order entered by the court in *Ben & Jerry's Homemade, Inc. v. Unilever PLC*, 2026 U.S. Dist. LEXIS 188978. That order relates to Defendants' arguments in their Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #52), and in their Motion for Change of Venue (Doc. #53). The order reflects (1) the dismissal of seven claims; (2) the dismissal of Defendant Unilever as a party; and (3) the fact that Defendant Senf is not a party to that case.

Exhibit 2 is the Amended Civil Case Management Plan and Scheduling Order in entered by Magistrate Judge Stein on September 1, 2026 in *Class I Directors of Ben & Jerry's Independent Board, v. The Magnum Ice Cream Company N.V., and Ben & Jerry's Holdco, LLC*. That order relates to Defendants' arguments in the same motion. That order reflects that fact discovery in that case is scheduled to close on October 16, 2026.

Exhibits 3 through 10 of the Vickrey Declaration are relevant pages of the Tides Foundation's Form 990 tax returns for the years 2012 and 2018-2024. As reflected in the Ben & Jerry's Foundation, Inc. ("BNJF") Form 990 tax returns attached to Defendants' Request for Judicial Notice (Doc. #51-1, Exs. 15-27), the Tides Foundation is the largest recipient of BNJF funds. These documents show the Tides Foundation's contributions and lack of contributions to the Oakland Institute in particular years and relate to Defendants' claim of "donation laundering" in Defendants' Motion to Strike and Dismiss (Doc. #50 at 4).

## III. <u>CONCLUSION</u>

For the foregoing reasons, this Court should take judicial notice of Exhibits 1-10 of the Vickrey Declaration.

DATE: September 9, 2026

Respectfully submitted

By: <u>*/s/ Paul K. Vickrey*</u>
Paul K. Vickrey

PAUL K. VICKREY (*Pro Hac Vice*)
PATRICK F. SOLON (*Pro Hac Vice*)
DYLAN M. BROWN (*Pro Hac Vice*)
**VITALE, VICKREY, NIRO, SOLON & GASEY LLP**
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
(312) 236-0733
vickrey@vvnlaw.com
solon@vvnlaw.com
dbrown@vvnlaw.com

THOMAS B. HARVEY (CA Bar #287198)
**LAW OFFICES OF THOMAS B. HARVEY**
365 E. Avenida De Los Arboles, #226
Thousand Oaks, CA 91360
Telephone: (805) 768-4440
tbhlegal@proton.me

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under Fed. R. Civ. P. 5(b) on this the 9th day of September 2026.

Dated: September 9, 2026

By: */s/ Paul K. Vickrey*
Paul K. Vickrey
*Attorney for Plaintiff*