**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Robert M. Schwartz (SBN: 117166)
robertschwartz@quinnemanuel.com
Marie M. Hayrapetian (SBN: 315797)
mariehayrapetian@quinnemanuel.com
Julian T. Schoen (SBN: 344202)
julianschoen@quinnemanuel.com
Arian J. Koochesfahani (*pro hac vice*)
ariankoochesfahani@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants Unilever PLC, The Magnum Ice Cream Company N.V., and Jochanan Senf*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANURADHA MITTAL,<br><br>Plaintiff,<br><br>vs.<br><br>UNILEVER PLC, THE MAGNUM ICE CREAM COMPANY N.V., and JOCHANAN SENF,<br><br>Defendants. | Case No. 26-cv-02660-WHO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Judge: Hon. William H. Orrick<br>Hearing Date: October 7, 2026<br>Hearing Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................1

ARGUMENT ....................2

I. PLAINTIFF MITTAL FAILS TO SATISFY HER BURDEN OF SHOWING THAT TRANSFER SHOULD BE DENIED NOTWITHSTANDING THE FORUM-SELECTION CLAUSES ....................2

A. The Forum-Selection Clauses Apply To Plaintiff Mittal's Tort Claims ....................2

1. Under Ninth Circuit Case Law, Forum-Selection Clauses That Apply To Claims "Related To" The Agreements Apply To Tort Claims Whether Or Not Judicial Interpretation Of The Agreements Is Required ....................2

2. The SDNY Court's Dismissal Of Some Claims And Substitution Of TMICC For Unilever Are Of No Moment In The Transfer Analysis ....................4

3. The Forum-Selection Clauses Apply To Plaintiff Mittal ....................4

B. Plaintiff Mittal Does Not And Cannot Show That The Public Interest Overwhelmingly Disfavors Transfer ....................6

CONCLUSION ....................7

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Baton v. Ledger SAS*,
740 F. Supp. 3d 847 (N.D. Cal. 2024) ....................5-6

*Brian A. Carter, Inc. v. Smith*,
2025 WL 4087396 (D. Haw. Apr. 17, 2025) ....................5

*CZ Services v. Express Scripts Holding*,
2018 U.S. Dist. LEXIS 141087 (N.D. Cal. Aug. 20, 2018) ....................3

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
485 F.3d 450 (9th Cir. 2007) ....................5

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
858 F.2d 509 (9th Cir. 1988) ....................2-3, 5

*In re Orange, S.A.*,
818 F.3d 956 (9th Cir. 2016) ....................3

*Ribadeneira v. New Balance Athletics, Inc.*,
65 F.4th 1 (1st Cir. 2023) ....................5

*Sun v. Kao*,
170 F. Supp. 3d 1321 (W.D. Wash. 2016) ....................3

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
2014 WL 1477748 (N.D. Cal. Apr. 14, 2014) ....................3

*Yei A. Sun v. Advanced China Healthcare, Inc.*,
901 F.3d 1081 (9th Cir. 2018) ....................2-3, 6

## PRELIMINARY STATEMENT

Plaintiff Mittal's Opposition (Dkt. 63, "Opp.") applies the wrong legal framework to Defendants' Motion to Transfer and offers no salient arguments under the correct legal standard. Plaintiff Mittal's main premise—that the relevant forum-selection provisions apply to tort claims only if those claims require an interpretation of the contracts—is fallacious. Once that critical misstatement of law is corrected, the balance of the Opposition collapses of its own weight.

The Opposition does not and cannot dispute that the same factual nucleus forms the basis for Plaintiff Mittal's allegations in the SDNY Case and the case at bar. Under unrebutted, binding Ninth Circuit precedent, Plaintiff Mittal's claims plainly "relate to" the Agreements that Plaintiff Mittal has sued on in the SDNY Case, and her claims here therefore fall within the scope of the forum-selection clauses' agreement to litigate in New York. The burden then shifts to Plaintiff Mittal to establish that a transfer would be overwhelmingly contrary to the public interest. Yet the Opposition compounds its faulty premise by arguing only that the private and public interest tip in Plaintiff Mittal's favor because she allegedly suffered reputational harm in California. Plaintiff Mittal cannot sustain her burden of showing overwhelming injury to the public interest, as required.

Plaintiff Mittal's other arguments fail to salvage the Opposition. Although Plaintiff Mittal claims that the Merger Agreement does not bind her—a repudiation of her own judicial admissions in filing suit in the SDNY, as explained below—she concedes, as she must, that she signed the 2022 Settlement Agreement as a party. So that agreement undisputedly binds her, and its forum-selection clause standing alone is sufficient to compel transfer. The recent order dismissing some of the Fourth Amended Complaint's claims in the SDNY Case in no way changes the transfer analysis here. Even assuming *arguendo* that the dismissed claims cannot be considered in determining relatedness (a dubious proposition), the surviving claims are the very claims that confirm the factual relatedness of the cases. As for the dismissal of Unilever as a defendant in the SDNY Case, the court ruled that TMICC acquired Unilever's obligations with respect to Ben & Jerry's and therefore that TMICC should take Unilever's place as the proper defendant. This has no impact on the relatedness analysis, which turns on the cases' factual overlap, not the parties. Finally, Plaintiff Mittal challenges Mr. Senf's standing to invoke the forum-selection clauses, but Mr. Senf may

properly invoke them because he is the CEO of Ben & Jerry's and closely related to the contractual counterparties.

Should this Court not dismiss based on lack of personal jurisdiction, anti-SLAPP or failure to state a claim, it should transfer this case to SDNY where it can be assigned to the court handling the indisputably related SDNY Case, pursuant to 28 U.S.C. § 1404.

## ARGUMENT

### I. PLAINTIFF MITTAL FAILS TO SATISFY HER BURDEN OF SHOWING THAT TRANSFER SHOULD BE DENIED NOTWITHSTANDING THE FORUM-SELECTION CLAUSES

#### A. The Forum-Selection Clauses Apply To Plaintiff Mittal's Tort Claims

##### 1. Under Ninth Circuit Case Law, Forum-Selection Clauses That Apply To Claims "Related To" The Agreements Apply To Tort Claims Whether Or Not Judicial Interpretation Of The Agreements Is Required

The lynchpin of the Opposition is the flatly wrong contention that tort claims are not subject to forum-selection clauses unless adjudication of the tort claims requires the Court to interpret or apply the operative agreements. *See* Dkt. 63 (Opp.) at 1, 7-8. This argument improperly relies on authority addressing forum-selection clauses covering disputes "arising out of" the agreements. The two agreements here use different language—the term "relating to." The Opposition relies extensively on *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509 (9th Cir. 1988), a case in which the operative forum-selection clause was expressly limited to disputes "regarding interpretation or fulfillment" of the contract. *Id.* at 510. In the more recent decision in *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081 (9th Cir. 2018), the Ninth Circuit rejected the very argument the Opposition makes here. In *Yei A. Sun*, the Ninth Circuit enforced a forum-selection clause as to tort claims where, as here, the clause applied to disputes "arising out of *or related to*" the contract, holding:

> [F]orum-selection clauses covering disputes "relating to" a particular agreement apply to any disputes that reference the *agreement or have some "logical or causal connection" to the agreement. The dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract.*

*Id.* at 1086 (emphasis added) (quotations omitted).

*Yei A. Sun* affirmed the district court's rejection of the same misreading of *Manetti-Farrow* that Plaintiff Mittal advances in her Opposition—an inconvenient truth that Plaintiff Mittal ignores. *See Sun v. Kao*, 170 F. Supp. 3d 1321, 1323-24 (W.D. Wash. 2016), *aff'd sub nom by Yei A. Sun*. The dispute need *not* require interpretation of the contract where, as here, the claims have "some logical or causal connection" to the agreement containing the forum-selection clause.

Plaintiff Mittal's additional authorities are unavailing. In *In re Orange, S.A.*, 818 F.3d 956 (9th Cir. 2016), the Ninth Circuit denied a petition for mandamus relief pursuant to that writ's high bar. *Id.* at 962-63. Pending further review in the normal course, it left intact the district court's determination "that the claims were so factually distinct from the NDA that the forum selection clause could not apply." *Id.* at 962-63. But here, as addressed in detail in Defendants' Motion, Plaintiff Mittal's pleadings confirm that her claims logically and factually relate to the Agreements. *See* Dkt. 53 (Mot.) at 6-8. Moreover, whereas the plaintiff in *Orange* had not sued for breach of the contract at issue, Plaintiff Mittal has done so in the SDNY Case.

Plaintiff Mittal also relies on *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2014 WL 1477748 (N.D. Cal. Apr. 14, 2014), but that case further undermines her position. *In re TFT-LCD* considered a forum-selection clause that did not apply to several of the unrelated parties. *Id.* at *1-2. Consequently, "[e]nforcing the forum selection clause would splinter Gateway's Sherman Act claims from its California state law claims" and "require that Gateway's claims against NEC be tried separately from its substantially similar claims against the other defendants." *Id.* at *2. Conversely here, enforcing the forum-selection clauses in the Agreements would cure the splintering that Plaintiff Mittal herself has attempted to create by filing her defamation claims in this District instead of joining them to the SDNY Case.

*CZ Services v. Express Scripts Holding*, 2018 U.S. Dist. LEXIS 141087 (N.D. Cal. Aug. 20, 2018), is also inapposite because, as was the case in *Manetti-Farrow*, the forum-selection clause at issue there applied narrowly to litigation relating to "the interpretation or performance" of the contract. *Id.* at *4-5. Here, the forum-selection clauses have no "interpretation" or "performance" limitations.

Finally, Plaintiff Mittal's tortuous argument about choice-of-law clauses fares no better. *See* Dkt. 63 (Opp.) at 4-5. Contrary to Plaintiff Mittal's apparent claim, the fact that the Agreements call for the application of New York law to certain disputes does not generate any inconsistency between this Motion and Defendants' other motions. Plaintiff Mittal filed this case in California, so Defendants' motions to dismiss apply California law (including California's long-arm statute) to defeat Plaintiff Mittal's case on its own terms. Further, federal law, not state law, governs the transfer analysis and militates strongly in favor of transfer. *See* Dkt. 53 (Mot.) at 7-8. Moreover, the 2022 Settlement Agreement's choice-of-law clause likely does not apply here, as it refers to claims "arising out of" the agreement, not to those relating to it. In any event, post-transfer, the SDNY court will determine whether the choice-of-law provisions apply to Plaintiff Mittal's tort claims.

**2. The SDNY Court's Dismissal Of Some Claims And Substitution Of TMICC For Unilever Are Of No Moment In The Transfer Analysis**

The court in the SDNY Case recently dismissed some of the claims alleged in the Fourth Amended Complaint there. As an initial matter, Plaintiff Mittal cites no authority for the proposition that this Court may not consider her own dismissed allegations in determining whether the SDNY Case has "some logical or causal connection" to the claims here. Regardless, the Opposition concedes that the surviving claims are the very claims that establish relatedness between the two cases. *Compare* Dkt. 63 (Opp.) at 9-10 (claims under 2022 Settlement Agreement § 2(b) and Merger Agreement § 6.14 survived), *with* Dkt. 53 (Mot.) at 8-9 (relying on those claims). Moreover, Plaintiff Mittal separately concedes that this case relates to the SDNY Case because she, like Defendants, identifies the SDNY Case as a "Related Case[]" in the parties' Joint Case Management Statement. Dkt. 45 at 17 (capitalization and bolding removed).

**3. The Forum-Selection Clauses Apply To Plaintiff Mittal**

Plaintiff Mittal argues that she is not bound by the Merger Agreement because she did not sign it. Dkt. 63 (Opp.) at 3-4. As an initial matter, even if Plaintiff Mittal were correct, it would make no difference because she does not dispute that the 2022 Settlement Agreement binds her.

That said, Plaintiff Mittal makes two erroneous arguments as to why she can ignore the Merger Agreement. First, she argues that equitable estoppel does not apply because she has not "asserted any rights under the Merger Agreement" in *this* case. Dkt. 63 (Opp.) at 4. That argument is too cute by half; Plaintiff Mittal has asserted rights under the Merger Agreement in the SDNY Case and has relied heavily on its terms in advancing her claims there. She cannot selectively determine the purposes for which she embraces the Merger Agreement and then cast it aside when it suits her. *See, e.g.*, *Ribadeneira v. New Balance Athletics, Inc.*, 65 F.4th 1, 26-27 (1st Cir. 2023) (applying equitable estoppel where petitioner first "filed suit in Peru," alleging breach of contract, only to claim in a subsequent case it was not bound by that contract). Second, Plaintiff Mittal argues that she is a plaintiff in the SDNY Case "in her capacity as a Class I Director" rather than "personally." Dkt. 63 (Opp.) at 4. That is a classic distinction without a difference in this context—the statements at issue concern Plaintiff Mittal's behavior as a director.

It is undisputed that Unilever and TMICC may invoke the forum-selection clauses, but Plaintiff Mittal briefly challenges Mr. Senf's ability to do so. Dkt. 63 (Opp.) at 2.[1] Mr. Senf's ability to invoke the forum-selection clauses follows from a rule Defendants already cited (Dkt. 53 (Mot.) at 9): "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *Manetti-Farrow*, 858 F.2d at 514 n.5 (citation omitted). Thus, "[a] non-signatory may avail himself of a forum selection clause if he is closely related to the agreement such that the non-signatory's enforcement of the forum selection clause is foreseeable." *Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 898 (N.D. Cal. 2024) (Chen, J.) (quotations omitted). And "[a] non-party is closely related when it is 'part of the larger contractual relationship' between the parties to the agreement with the forum selection clause." *Brian A. Carter, Inc. v. Smith*, 2025 WL 4087396, at *7 (D. Haw. Apr. 17, 2025) (quoting *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007)).

[1] Plaintiff Mittal also questions "why jurisdiction over [Mr.] Senf would exist in New York but not in California." Dkt. 63 (Opp.) at 2. That question incorrectly presupposes Mr. Senf cannot invoke the forum-selection clauses.

Mr. Senf satisfies this criterion because he "had an active role in the company that was the signatory." *Baton*, 740 F. Supp. 3d at 898 (quotation omitted). After all, he is the CEO of Ben & Jerry's, which signed both Agreements, and also used to work for Unilever, which also signed both Agreements. Dkt. 52-3 (Senf Decl.) at ¶ 1. Furthermore, "[a]t least two district courts in this circuit have found that an 'agent' of a signatory party was able to benefit from the signatory party's forum selection clause." *Baton*, 740 F. Supp. 3d at 898 (collecting cases). Mr. Senf satisfies this criterion as well, given his role as CEO.

Finally, while Plaintiff Mittal states that Unilever has been dismissed from the SDNY Case (Dkt. 63 (Opp.) at 10), that statement is misleadingly incomplete. TMICC (already a party in its own right) has taken Unilever's place via Rule 25(c) substitution. *See* Ex. 1 to Plaintiff's Request for Judicial Notice (Dkt. 60 (August 21, 2026 SDNY Order at 26)). The court ruled that TMICC has inherited Unilever's rights and obligations pertaining to Ben & Jerry's. *Id.* In any event, whether or not Unilever is a party to the SDNY Case has no effect on the factors that determine whether the forum-selection clauses apply here—*i.e.*, "some logical or causal connection."

### B. Plaintiff Mittal Does Not And Cannot Show That The Public Interest Overwhelmingly Disfavors Transfer

Plaintiff Mittal's arguments regarding the private and public interest factors (*see* Dkt. 63 (Opp.) at 8-10) are also misdirected because they fail to address the correct legal standard. Where, as here, a forum-selection clause applies, absent evidence of fraud or overreaching, Plaintiff Mittal can avoid transfer only by demonstrating that the public interest overwhelmingly disfavors transfer.[2] *See* Dkt. 53 (Mot.) at 10. The Opposition does not even attempt to make that showing, implicitly conceding that transfer is warranted if at least one forum-selection clauses applies and the First Amended Complaint survives Defendants' motions to dismiss.

[2] Although a showing of fraud or overreaching could also support non-enforcement of the forum-selection clauses, *see Yei A. Sun*, 901 F.3d at 1088, these are factors as to which the Opposition makes no showing or assertion whatsoever because no evidence of fraud or overreaching exists as to these Agreements, which were negotiated by sophisticated parties represented by counsel. Indeed, Plaintiff Mittal relies heavily on the Agreements to advance her claims in the SDNY Case.

**CONCLUSION**

Defendants respectfully request that, should this Court not grant Defendants' Motions to Dismiss based on lack of personal jurisdiction, anti-SLAPP and/or failure to state a claim, the Court should transfer this case to SDNY, where it can be assigned to the court presiding over the related SDNY Case for further proceedings.

DATED: September 23, 2026

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/_Steven G. Madison_
Steven G. Madison
Robert M. Schwartz
Marie M. Hayrapetian
Julian T. Schoen
Arian J. Koochesfahani

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under Fed. R. Civ. P. 5(b) on this the 23rd day of September 2026.

Dated: September 23, 2026

By: */s/ Steven G. Madison*
Steven G. Madison
*Attorney for Defendants*