THOMAS B. HARVEY (CA Bar #287198)
**LAW OFFICES OF THOMAS B. HARVEY**
365 E. Avenida De Los Arboles, #226
Thousand Oaks, CA 91360
Telephone: (805) 768-4440
tbhlegal@proton.me

PAUL K. VICKREY (*Pro Hac Vice*)
PATRICK F. SOLON (*Pro Hac Vice*)
DYLAN M. BROWN (*Pro Hac Vice*)
**VITALE, VICKREY, NIRO, SOLON & GASEY LLP**
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
(312) 236-0733
vickrey@vvnlaw.com
solon@vvnlaw.com
dbrown@vvnlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ANURADHA MITTAL,

Plaintiff,

v.

UNILEVER PLC, THE MAGNUM ICE CREAM COMPANY N.V., and JOCHANAN SENF,

Defendants.

Case No. 26-cv-02660-WHO

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLIES TO ADDRESS A FEDERAL RULE OF EVIDENCE 408 ARGUMENT FIRST MADE IN DEFENDANTS' REPLIES**

Plaintiff, Anuradha Mittal, now moves for leave to file Surreplies to address a Federal Rule of Evidence ("FRE") 408 argument first made in Defendants' Replies. In support of her motion, Plaintiff states:

1. The centerpiece of Plaintiff's Amended Complaint is an October 10, 2025 meeting in San Francisco during which Unilever's General Counsel, Maria Varsellona, made a threat to Miss Mittal: if Miss Mittal did not resign from the Board, Unilever would publish damaging claims about her in the upcoming Magnum Prospectus. Ms. Varsellona also said that if Miss Mittal resigned, the statements would not be made. Instead, the investigation would result in a finding of no wrongdoing, and Ms. Mittal could head a new multi-million-dollar charitable organization that Unilever would fund. (Doc. #24 at ¶¶43-44) Plaintiff pointed to that meeting and those statements not only as California conduct, but also as: (1) the foundation for Defendants' campaign of defamation (*Id*. at ¶¶43, 45); (2) evidence of actual malice (*Id*. at ¶92); and (3) a basis for her claim for intentional infliction of emotional distress (*Id*. at ¶¶44, 46).

2. Defendants' Motion to Strike (Doc. #50) and Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #52) mentioned neither the San Francisco meeting nor FRE 408. In their Replies, Defendants raised, for the first time, their argument that Plaintiff is barred from using the statements at issue under FRE 408 (Doc. #66 at pages 10 and 11 of 16; Doc. #67 at 19 of 21). Defendants also used their jurisdiction reply to assert an incorrect "fact" about the meeting: that Plaintiff wasn't there. Without citation, Defendants declare: "This was a meeting arranged by litigation counsel for the parties in the SDNY case, and ***it was a Rule 408 settlement meeting attended only by counsel***." (Doc. #66 at 10 of 16; emphasis added).

3. Courts are not required to consider new legal arguments raised for the first time in a reply brief *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007). In *Zamani*, as here, the party raised an argument (litigation privilege) for the first time in their reply brief, and the Ninth Circuit affirmed the district court's refusal to consider it. *Id.*

4. Addressing the merit of Defendants' legal argument, "'Rule 408 is inapplicable when the claim is based on some wrong that was committed in the course of the settlement discussions; e.g., libel, assault, breach of contract, unfair labor practice and the like…. Rule 408 does not prevent the plaintiff from proving his case; wrongful acts are not shielded because they took place during compromise negotiations.'" *Uforma/Shelby Bus. Forms v. NLRB*, 111 F.3d 1284, 1293-94 (6th Cir. 1997) (quoting Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure Evidence § 5314 (1st ed. 1980)). In *Uforma*, the Sixth Circuit ruled that evidence of threats made during settlement negotiations were not barred under FRE 408: "The General Counsel instead sought to introduce the evidence in order to demonstrate that, regardless of the legitimacy of the grievance, petitioner threatened, and subsequently retaliated against the union for pursuing it." *Id*.

5. In *Groupion LLC v. Groupon, Inc.*, 2012 U.S. Dist. LEXIS 78048 at **14-15 (N.D. Cal. June 5, 2012) the court, citing *Uforma*, declined to disregard evidence of offers made during settlement discussions in denying a motion to dismiss for lack of personal jurisdiction. The court stated:

> Groupon's cybersquatting claim was not a part of the settlement negotiations because it was not yet in existence. Moreover, Rule 408 is inapplicable to communications when they are admitted to prove a wrong was committed in the course of settlement discussions.

*Id. Accord Aamco Trans. Inc. v. Trovato*, 2011 U.S. Dist. LEXIS 111943 (S.D. Cal. Sept. 28, 2011) (citing *Uforma*, the court held that documents provided in a settlement negotiation could be used as evidence for a fraud claim); *Broadcort Capital Corp. v. Summa Medical Corp.*, 972 F.2d 1183, 1194 n.16 (10th Cir. 1992) (settlement discussions admissible to show the workings of defendants' "scheme"; "The evidence was not admitted to show liability for the claim or the amount."); Rule 408, Advisory Committee Notes, 2006 Amendment (citing *Uforma* for "threats made in settlement negotiations were admissible; Rule 408 is inapplicable when the claim is based on a wrong that is

made during the course of settlement discussions."). *See also Rhoades v. Avon Prods.*, 504 F.3d 1151, 1160-62 (9th Cir. 2007) (otherwise inadmissible threats of litigation made in settlement negotiations may be considered in determining the existence of subject matter jurisdiction; dismissal reversed).

6. Putting aside the issue of whether the statements at issue were actually made to settle the New York case, the statements at issue are evidence in support of Miss Mittal's claims which did not exist at the time of the meeting.

Wherefore, for these reasons, Plaintiff respectfully requests that her Motion for Leave to File Surreplies be granted. Plaintiff has attached her proposed Surreplies as Exhibit A and B.

DATE: October 6, 2026

Respectfully submitted

By: */s/ Paul K. Vickrey*
Paul K. Vickrey

PAUL K. VICKREY (*Pro Hac Vice*)
PATRICK F. SOLON (*Pro Hac Vice*)
DYLAN M. BROWN (*Pro Hac Vice*)
**VITALE, VICKREY, NIRO, SOLON & GASEY LLP**
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
(312) 236-0733
vickrey@vvnlaw.com
solon@vvnlaw.com
dbrown@vvnlaw.com

THOMAS B. HARVEY (CA Bar #287198)
**LAW OFFICES OF THOMAS B. HARVEY**
365 E. Avenida De Los Arboles, #226
Thousand Oaks, CA 91360
Telephone: (805) 768-4440
tbhlegal@proton.me

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under Fed. R. Civ. P. 5(b) on this the 6th day of October 2026.

Dated: October 6, 2026

By: */s/ Paul K. Vickrey*
Paul K. Vickrey
*Attorney for Plaintiff*