# EXHIBIT A

EXHIBIT A

THOMAS B. HARVEY (CA Bar #287198)
**LAW OFFICES OF THOMAS B. HARVEY**
365 E. Avenida De Los Arboles, #226
Thousand Oaks, CA 91360
Telephone: (805) 768-4440
tbhlegal@proton.me

PAUL K. VICKREY (*Pro Hac Vice*)
PATRICK F. SOLON (*Pro Hac Vice*)
DYLAN M. BROWN (*Pro Hac Vice*)
**VITALE, VICKREY, NIRO, SOLON & GASEY LLP**
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
(312) 236-0733
vickrey@vvnlaw.com
solon@vvnlaw.com
dbrown@vvnlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANURADHA MITTAL,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER PLC, THE MAGNUM ICE CREAM COMPANY N.V., and JOCHANAN SENF,<br><br>Defendants. | Case No. 26-cv-02660-WHO<br><br>**PLAINTIFF'S [PROPOSED] SURREPLY IN OPPOITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

The centerpiece of Plaintiff's Amended Complaint is an October 10, 2025 meeting in San Francisco during which Unilever's General Counsel, Maria Varsellona, made a threat to Miss Mittal: if Miss Mittal did not resign from the Board, Unilever would publish damaging claims about her in the upcoming Magnum Prospectus. Ms. Varsellona also said that if Miss Mittal resigned, the statements would not be made. Instead, the investigation would result in a finding of no wrongdoing, and Ms. Mittal could head a new multi-million-dollar charitable organization that Unilever would fund. (Doc. #24 at ¶¶43-44) Plaintiff pointed to that meeting and those statements not only as California conduct, but also as: (1) the foundation for Defendants' campaign of defamation (*Id*. at ¶¶43, 45); (2) evidence of actual malice (*Id*. at ¶92); and (3) a basis for her claim for intentional infliction of emotional distress (*Id*. at ¶¶44, 46).

Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #52) mentioned neither the San Francisco meeting nor FRE 408. In their Reply, Defendants argue that Plaintiff is barred from using the statements at issue under FRE 408 (Doc. #66 at pages 10 and 11 of 16). However, "'Rule 408 is inapplicable when the claim is based on some wrong that was committed in the course of the settlement discussions; e.g., libel, assault, breach of contract, unfair labor practice and the like…. Rule 408 does not prevent the plaintiff from proving his case; wrongful acts are not shielded because they took place during compromise negotiations.'" *Uforma/Shelby Bus. Forms v. NLRB*, 111 F.3d 1284, 1293-94 (6th Cir. 1997) (quoting Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure Evidence § 5314 (1st ed. 1980)). In *Uforma*, the Sixth Circuit ruled that evidence of threats made during settlement negotiations were not barred under FRE 408: "The General Counsel instead sought to introduce the evidence in order to demonstrate that, regardless of the legitimacy of the grievance, petitioner threatened, and subsequently retaliated against the union for pursuing it." *Id*.

In *Groupion LLC v. Groupon, Inc.*, 2012 U.S. Dist. LEXIS 78048 at **14-15 (N.D. Cal. June 5, 2012) the court, citing *Uforma*, declined to disregard evidence of offers made during settlement discussions in denying a motion to dismiss for lack of personal jurisdiction. The court stated:

> Groupon's cybersquatting claim was not a part of the settlement negotiations because it was not yet in existence. Moreover, Rule 408 is inapplicable to communications when they are admitted to prove a wrong was committed in the course of settlement discussions.

*Id. Accord Aamco Trans. Inc. v. Trovato*, 2011 U.S. Dist. LEXIS 111943 (S.D. Cal. Sept. 28, 2011) (citing *Uforma*, the court held that documents provided in a settlement negotiation could be used as evidence for a fraud claim); *Broadcort Capital Corp. v. Summa Medical Corp.*, 972 F.2d 1183, 1194 n.16 (10th Cir. 1992) (settlement discussions admissible to show the workings of defendants' "scheme"; "The evidence was not admitted to show liability for the claim or the amount."); Rule 408, Advisory Committee Notes, 2006 Amendment (citing *Uforma* for "threats made in settlement negotiations were admissible; Rule 408 is inapplicable when the claim is based on a wrong that is made during the course of settlement discussions."). *See also Rhoades v. Avon Prods.*, 504 F.3d 1151, 1160-62 (9th Cir. 2007) (otherwise inadmissible threats of litigation made in settlement negotiations may be considered in determining the existence of subject matter jurisdiction; dismissal reversed).

In their Reply, Defendants incorrectly state: "This was a meeting arranged by counsel for the parties in the SDNY case and was ***a Rule 408 settlement meeting attended only by counsel***. (Doc. #66 at 10 of 16; emphasis added). This statement is inaccurate: Miss Mittal was there; indeed, Defendants wanted her there so they could deliver their threat in person. (Doc. #24 at ¶¶43-44). Moreover, though the ostensible purpose of the meeting was to discuss a settlement of the SDNY case, Defendants used that meeting to instead deliver the threat, and convey the benefits which would ensue for Miss Mittal if she agreed to their demand. These were not purported terms to settle

the SDNY case, which was why Miss Mittal was so shocked and upset that she had to leave the meeting. (Doc. #24 at ¶44).

In that regard, Defendants' authorities are inapposite. *Bianchi v. Dietrich*, 2026 WL 529640 at *8 n.8 (C.D. Cal. Feb. 20, 2026) involved a privileged litigation letter sent to a third party, not a Rule 408 communication. *P2F Holdings*, *LLC v. Vicini Am.*, *Inc.*, 2016 U.S. Dist. LEXIS 204145 at *3 n.4 (C.D. Cal. Dec. 5, 2016) involved a legitimate, in-person settlement conference. Here, Miss Mittal alleges that Defendants used the guise of a meeting to discuss the settlement of the SDNY case as the vehicle to deliver in-person a threat that they didn't want to put in writing. If Miss Mittal disclosed what occurred in the meeting, they would simply accuse her of violating FRE 408, as they did here.

DATE: October 6, 2026

Respectfully submitted

By: */s/ Paul K. Vickrey*
Paul K. Vickrey

PAUL K. VICKREY (*Pro Hac Vice*)
PATRICK F. SOLON (*Pro Hac Vice*)
DYLAN M. BROWN (*Pro Hac Vice*)
**VITALE, VICKREY, NIRO, SOLON & GASEY LLP**
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
(312) 236-0733
vickrey@vvnlaw.com
solon@vvnlaw.com
dbrown@vvnlaw.com

THOMAS B. HARVEY (CA Bar #287198)
**LAW OFFICES OF THOMAS B. HARVEY**
365 E. Avenida De Los Arboles, #226
Thousand Oaks, CA 91360
Telephone: (805) 768-4440
tbhlegal@proton.me

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under Fed. R. Civ. P. 5(b) on this the 6th day of October 2026.

Dated: October 6, 2026

By: */s/ Paul K. Vickrey*
Paul K. Vickrey
*Attorney for Plaintiff*