QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Robert M. Schwartz (SBN: 117166)
robertschwartz@quinnemanuel.com
Marie M. Hayrapetian (SBN: 315797)
mariehayrapetian@quinnemanuel.com
Julian T. Schoen (SBN: 344202)
julianschoen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000

*Attorneys for Defendants Unilever PLC, The Magnum Ice Cream Company N.V., g and Jochanan Senf*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANURADHA MITTAL,<br><br>Plaintiff,<br><br>vs.<br><br>UNILEVER PLC, THE MAGNUM ICE CREAM COMPANY N.V., and JOCHANAN SENF,<br><br>Defendants. | Case No. 26-cv-02660-WHO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' PLEADING MOTIONS**<br><br>Judge: Hon. William H. Orrick<br>Hearing Date: October 28, 2026<br>Hearing Time: 2:00 p.m.<br>Courtroom: 2 |

## I. PRELIMINARY STATEMENT

Plaintiff Anuradha Mittal has failed to show good cause to file her Sur-Replies. The Court should deny permission and decide Defendants' motions on the existing briefing.

Mittal's request ignores the law and the facts. She is not entitled to Sur-Replies to address Reply arguments that responded to issues she raised in her Oppositions. Mittal opened the door to Defendants' Rule 408 objections by relying on the 2025 settlement meeting in San Francisco as a basis for personal jurisdiction and to draw inferences to attempt to cure the legal defects with her claims. She cannot now sneak further substantive briefing into the record by claiming that Defendants should have raised the Rule 408 issue even before she improperly disclosed the settlement discussions in her Oppositions. Rule 408 cannot be defeated for lack of clairvoyance.

Should the Court nonetheless consider Mittal's substantive arguments about the significance of what Defendants said at that settlement discussion, the Court should reject them. As explained in Defendants' Replies and below, her logic is tortured and contrary to the law.

## II. MITTAL HAS NOT ESTABLISHED GOOD CAUSE TO FILE SUR-REPLIES.

Courts "generally view[] motions for leave to file a surreply with disfavor" and will deny them "absent an articulation of good cause[.]" *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016) (citing *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. 2005)). A reply that merely responds to arguments raised in opposition does not warrant a sur-reply, and courts retain broad discretion to deny motions for leave. *Id.*; *Banga v. First USA*, *NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014).

Mittal argues that Defendants did not discuss the settlement meeting or Rule 408 in their opening motions. Mot. 1. They had no obligation to do so. Defendants' Motions did not put that settlement discussion at issue. To oppose Defendants' anti-SLAPP / Rule 12(b)(6) Motion, however, Mittal disclosed—inaccurately—one element of Defendants' offer. Anti-SLAPP at Opp. 23 (claiming that the settlement offer showed that Defendants did not believe their accusations against her). In the Reply, Defendants objected under Rule 408 to her disclosure of those settlement discussions. Reply at 14. To oppose Defendants' Rule 12(b)(2) Motion, Mittal likewise disclosed the substance and location of the settlement meeting. Opp. at 6–9. In the

Reply, Defendants objected on multiple grounds, including Rule 408, and explained that the meeting did not establish the required connection between California and the challenged statements. Reply at 6–7.

Because Mittal herself raised the settlement discussions in her Oppositions, Defendants had the right to object under Rule 408 in their Replies and their having done so does not entitle Plaintiff to file Sur-Replies. *See Garcia*, 195 F. Supp. 3d at 1134 (E.D. Cal. 2016) (denying motion to file sur-reply because defendants did not "raise new issues or arguments," but rather "substantively addressed those new issues raised by Plaintiff in his opposition"); *Synopsys, Inc. v. Siemens Indus. Software Inc.*, 2021 WL 1238309, at *2 n.2 (N.D. Cal. Apr. 2, 2021) ("The new arguments and cases Siemens cites in its Reply are in direct response to the arguments raised in Synopsys's opposition. It is permissible for Siemens to address these issues in its Reply and Siemens's Reply arguments do not warrant Synopsys filing a Sur-Reply.").

## III. MITTAL'S PROPOSED SUR-REPLIES ADD NOTHING OF SUBSTANCE

### A. Defendants' Presence In San Francisco For Settlement Discussions Does Not Establish Personal Jurisdiction.

Mittal argues that Defendants' attorneys' travel to San Francisco last year to discuss settlement is sufficient contact to support personal jurisdiction. Opp. at 2. But Defendants came to San Francisco at her request. *See* Rule 12(b)(2) Opp. 9 (stating that the meeting occurred in San Francisco because Mittal resides in Oakland).

Courts around the country have rejected Mittal's argument, with one court aptly labeling it a form of "civil entrapment." *Ramparts, Inc. v. Weldon*, 2011 WL 4527383, at *4 (D. Nev. Sept. 28, 2011) (collecting cases); *PLS-Pacific Laser Systems v. TLZ Inc.*, 2007 WL 2022020, at *7 (N.D. Cal. July 9, 2007) (rejecting personal jurisdiction based on attendance at settlement meeting in forum state). *See also Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1360–1361 (Fed. Cir. 1998) (rejecting settlement offer alone as basis to confer personal jurisdiction); *Digi–Tel Holdings, Inc. v. Proteq Telecom., Ltd.*, 89 F.3d 519, 524–525 (8th Cir. 1996) (rejecting personal jurisdiction on basis of attendance at settlement discussions); *Programming Found., Inc. v. Cardinale*, 536 F. Supp. 2d 181, 191 (D.R.I. 2008) (expressing

"serious misgivings about construing an attempt at settlement within a particular forum as a jurisdictional contact").[1]

Mittal argues that Defendants inaccurately stated in their 12(b)(2) Reply that only counsel attended the San Francisco meeting even though Mittal was also present. Ex. 1 to Mot. at 2-3. That makes no difference. Mittal cannot manufacture jurisdiction over Defendants based on ***her*** California contacts. *See Rancour v. Lush*, 2024 WL 1829621, at *7 (C.D. Cal. Mar. 18, 2024) ("*Plaintiff's* ties to the forum cannot establish personal jurisdiction over Defendants.").

**B. Defendants' Settlement Discussions Cannot Resurrect Mittal's Claims.**

Mittal relies on an out-of-circuit case—*Uforma/Shelby Business Forms, Inc. v. N.L.R.B.*, 111 F.3d 1284 (6th Cir. 1997)—and its progeny for the irrelevant proposition that FRE 408 is "inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions; e.g., libel, assault, breach of contract, unfair labor practice, and the like[.]" *Id*. at 1293; *Groupion, LLC v. Groupon, Inc.*, 2012 WL 2054993, at *5 (N.D. Cal. June 5, 2012).

Defendants do not contend that settlement negotiations immunize independently actionable conduct that occurs during a negotiation. Here, however, Mittal relies on the settlement offer itself: She materially mischaracterizes its terms in an effort to state her IIED claim and argues that the offer itself supports an inference that Defendants disbelieved the audit and investigation findings against her. Anti-SLAPP Opp. 23. No case permits the disclosure of settlement communications for such purposes; if it did, settlement discussions would never occur.

Mittal claims that she was entitled to disclose what Defendants said during the settlement discussion because the meeting occurred after Defendants had made some but not all of the allegedly defamatory statements about her misuse of funds and the other misconduct at issue here. Mot. at 3. That timing makes no difference. Rule 408 applies to pre-litigation statements as well. *E.g., Pollution Denim & Co. v. Pollution Clothing Co.*, 2008 WL 11340375, at *5 (C.D. Cal. Mar. 5, 2008) (settlement communications prior to litigation fell within Rule 408).

---

[1] Mittal cites *Rhoades v. Avon Prods.*, 504 F.3d 1151, 1160–62 (9th Cir. 2007), for the contrary position. Mot. at 3. But that case addressed subject matter jurisdiction, not personal jurisdiction.

Moreover, and as discussed in Defendants' Motion to Transfer, the parties were already embroiled in litigation, in the S.D.N.Y., and the allegations in that case substantially overlap with those in this case, particularly its allegations concerning the same statements and purportedly "pretextual" investigations Mittal complains of here. *See* Mot. to Tr., Dkt. 53, at 6-7 (citing SDNY allegations that Defendants "[l]aunch[ed] and continu[ed] [a] removal scheme, including a pretextual audit of the Foundation and sham Business Integrity Investigation of Chair Mittal"). Thus, the parties' discussions were protected under Rule 408, as applied to that case.

## CONCLUSION

For the foregoing reasons, the Court should deny Mittal's Motion.

Dated: October 7, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Steven G. Madison
Robert M. Schwartz
Marie M. Hayrapetian
Julian T. Schoen

By: /s/ Robert M. Schwartz
Robert M. Schwartz
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FRCP 5(b) on this 7th day of October 2026.

Dated: October 7, 2026

By: ______*/s/ Julian Schoen*_____
Julian Schoen
*Attorneys for Defendants*